**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

                                    Case No. 26-44112-prh

DAVON WEATHERHOLT
& TINA WEATHERHOLT,                Chapter 13
                                    Hon. Paul R. Hage

               Debtors.

_____/

## OPINION ON DEBTORS' MOTION TO IMPOSE THE AUTOMATIC STAY

### I.      Introduction

This matter is before the Court upon *Debtors' Motion to Impose the Automatic Stay Pursuant to 11 U.S.C. §362* [Doc. No. 18] (the "Motion") filed by Davon Weatherholt and Tina Weatherholt (the "Debtors"). On April 13, 2026 (the "Petition Date"), Debtors filed a voluntary petition for relief under chapter 13 of title 11 of the United States Code (the "Bankruptcy Code").[1] The Motion, which seeks to impose an automatic stay that has expired pursuant to section 362(c)(3), was filed on May 21, 2026, approximately 38 days after the Petition Date. For the reasons set forth herein, the Motion is denied.

---

[1] The Bankruptcy Code is set forth in 11 U.S.C. § 101 *et seq.* Specific chapters of the Bankruptcy Code are identified herein as "chapter __" and specific sections of the Bankruptcy Code are identified herein as "section __."

## II.    Factual Background

Debtors had one prior bankruptcy case filed in October of 2022 [Case No. 22-47719].  The Debtors confirmed a chapter 13 plan in that case on March 8, 2023 and made payments under that plan for multiple years.  However, they eventually fell behind on their plan payments and the case was dismissed by way of an affidavit of default filed by the Chapter 13 Trustee on March 2, 2026.

Debtors filed the Motion seeking to impose a stay in this, their second case, on May 21, 2026.  The Motion was filed thirty-eight days after the Petition Date.  The Debtors state in the Motion that a motion seeking to extend the automatic stay pursuant to section 362(c)(3) was prepared by counsel "at the time the Debtors' Case documents were prepared and filed" but, for reasons not attributable to Debtors, such motion was not filed with the Court.  In this case, Debtors have filed a chapter 13 plan [Doc. No. 14] that is scheduled for confirmation on July 2, 2026.  They state in the Motion that "they have already made significant progress toward the Confirmation of this Plan" in that their plan payments are currently 100% paid on the Trustee's records, they have concluded their section 341 meeting of creditors, and there are no pending objections to confirmation.

In support of the Motion, Debtors filed a *Declaration of Debtors Regarding the Automatic Stay* [Doc. No. 24] wherein they state, among other things, that they "need chapter 13 to save our home from foreclosure, pay for our vehicle, and

reorganize the remaining portion of our debt." The declaration describes the circumstances of the dismissal of their prior case and urges the Court to conclude that Debtors filed, and are prosecuting, their current chapter 13 case in good faith.

Contemporaneous with the filing of the Motion, Debtors filed an *Ex-Parte Motion for Order for Expedited Hearing* [Doc. No. 19] requesting an expedited hearing on the Motion. The Court granted the *ex parte* motion [Doc. No. 21] and scheduled an expedited hearing on May 28, 2026. No party in interest opposed the relief requested in the Motion. At the conclusion of the hearing on the Motion, which was attended by Debtors, their counsel, and the Chapter 13 Trustee, the Court gave a bench ruling denying the Motion. This written opinion supplements that bench ruling.

### III. Applicable Law

Section 362(a) imposes a statutory injunction which arises by operation of law when a bankruptcy case is commenced precluding various acts against the debtor, property of the debtor, and property of the estate. *See* 11 U.S.C. § 362(a). With certain exceptions enumerated in the statute, *see* 11 U.S.C. § 362(b), the automatic stay halts most post-petition efforts to collect on debts owed by a debtor. 11 U.S.C. § 362(a).

In 2005, Congress enacted the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). It is generally acknowledged that one of the

goals of BAPCPA was to curb perceived bankruptcy abuses committed by serial filing debtors. Congress did this by, among other things, enacting subsections (c)(3) and (c)(4) of section 362, which subsections limit or eliminate entirely the automatic stay in cases involving debtors who have had one or more bankruptcy cases dismissed in the year prior to a bankruptcy filing.

Section 362(c)(3) provides, in pertinent part, that:

> (3) if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b) –
>
> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;
>
> (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed…

11 U.S.C. § 362(c)(3). The language of section 362(c)(3), which terminates the automatic stay with respect to the debtor on the 30th day after the filing of a second bankruptcy case, is inartful and has led to much litigation.[2] Notwithstanding the

---

[2] Over twenty years after the enactment of BAPCPA, there remains a deep split in the case law regarding the impact of section 362(c)(3). *See, e.g.*, *In re Goodrich*, 587 B.R. 829, 835 n. 4-5

foregoing, the bankruptcy court may (and frequently does) extend the automatic stay, as to any or all creditors, upon the motion of a party in interest that is filed and heard before the expiration of the thirty-day period. 11 U.S.C. § 362(c)(3)(B).

While repeat filers with a single case dismissed within the last year are subject to section 362(c)(3), repeat filers with two or more cases dismissed within the last year are subject to section 362(c)(4), which provides that "the stay under [section 362(a)] shall not go into effect upon the filing of the later case." 11 U.S.C. § 362(c)(4)(A)(i). In other words, debtors who have filed more than one case during the preceding year are not entitled to any stay at all. Instead, such debtors have thirty days from their petition date to request that the stay "take effect" or be "imposed" by showing that the most recent case was filed "in good faith as to the creditors to be stayed." 11 U.S.C. § 362(c)(4)(B).

## IV.    Analysis

Debtors state in the Motion that the automatic stay in this case "was only in effect for the first thirty (30) days after it was filed" because this is their second

---

(Bankr. D. Vt. 2018) (collecting non-exhaustive list of cases). In dozens of published and unpublished opinions, courts have held that property of the estate remains subject to the automatic stay, even in the absence of an extension under section 362(c)(3)(B), because section 362(c)(3)(A) references only the "debtor," and not "property of the estate." *See, e.g.*, *Rose v. Select Portfolio Servicing, Inc.*, 945 F.3d 226 (5th Cir. 2019). An equally large number of courts have found ambiguity in the statute. Relying on canons of construction, legislative history, and policy considerations, such courts interpret section 362(c)(3)(A) to mean that the automatic stay terminates in its entirety thirty days after the commencement of a case. *See, e.g.*, *Smith v. State of Maine Bureau of Revenue Servs. (In re Smith)*, 910 F.3d 576 (1st Cir. 2018). Because the Debtors did not raise or brief this issue, the Court will not weigh in on this split in the case law at this time.

chapter 13 case pending within the past year. Debtors seek to impose the automatic stay for the duration of this case. The Motion does not identify any specific statutory authority in support of Debtors' request to impose a stay. Indeed, the only reference to the Bankruptcy Code in the Motion is a reference to section 362 generally in the title of the Motion. At the hearing on the Motion, Debtors argued that the Court could grant the requested relief by exercising its equitable powers under section 105(a), which provides that:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

The Court will address the avenues through which the Debtors could possibly obtain relief in this case. First, the Court will consider whether section 362(c)(3)(B) can be utilized to "extend the stay" in a second filing case where, as here, a debtor fails to file a motion requesting such relief and obtain a hearing prior to the expiration of the thirty-day period. Next, the Court will determine whether section 362(c)(4) can be utilized to impose an automatic stay where, as here, the Debtors had only one prior case pending within the year prior to the Petition Date and the request for relief was not filed within thirty days. Finally, the Court will consider whether it is

appropriate to utilize its inherent equitable powers and/or section 105(a) to impose a stay.

In undertaking this analysis, the Court is mindful that the United States Supreme Court has repeatedly directed that:

> The task of resolving the dispute over [the interpretation of a statute] begins where all such inquiries must begin: with the language of the statute itself…. [I]t is also where the inquiry should end, for where … the statute's language is plain, the sole function of the courts is to enforce it according to its terms.

*United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989) (citations omitted); *see also Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there…. When the words of a statute are unambiguous, then, this first cannon is also the last: judicial inquiry is complete.").

### a.    Section 362(c)(3)(B) does not authorize relief at this juncture

Because Debtors had one prior case pending and dismissed within the preceding one-year period, the automatic stay in this case was limited by operation of law. Specifically, pursuant to section 362(c)(3)(A), the automatic stay terminated with respect to the debtor thirty days after the filing of the petition. While the Court could have, after notice and a hearing and upon a showing that the case was filed in good faith as to creditors, ordered an extension of the stay beyond the thirty-day period, no motion seeking such relief was timely filed. Section 362(c)(3)(B) clearly

7

and unambiguously requires that the hearing on such a motion must be "completed before the expiration of the 30-day period."[3]

In this case, Debtors did not move to extend the stay until May 21, 2026, thirty-eight days after the Petition Date and eight days after the expiration of the stay. The Court agrees with those courts that have held that "section 362(c)(3)(B) does not provide the Court with any authority to extend the stay after it is terminated under § 362(c)(3)(A) if a hearing is not conducted before the expiration of the stay." *In re Letennier*, 2025 WL 2798184 at *2 (Bankr. N.D.N.Y. Sept. 29, 2025) (quoting *In re Epting*, 652 B.R. 134, 137 (Bankr. D.S.C. 2023)); *see also In re Morgan*, 2025 WL 1742435, at *1 (Bankr. N.D. Ohio June 23, 2025) ("Based on the plain statutory language of § 362(c)(3)(B), one prerequisite to extending the automatic stay is that a hearing on the motion to extend the stay must be held before the stay terminates at the end of the 30-day period."); *In re Flynn*, 582 B.R. 25 (B.A.P. 1st Cir. 2018) (bankruptcy court lacked discretion to extend the automatic stay after the thirty-day period expired); *In re Franklin*, 627 B.R. 661 (Bankr. E.D. Mich. 2021) (because stay extension motion was not filed in time for a hearing to be held within the thirty-day period, it must be denied); *Capital One Auto Fin. v. Cowley*, 374 B.R. 601 (W.D.

---

[3] Because of the statute's 30-day hearing deadline, LBR 4001-4(a) (E.D. Mich.) requires that a motion to extend the stay be filed and served within seven days after the bankruptcy petition is filed. LBR 4001-4(a) provides further: "When such a motion is filed, the court will schedule a hearing with a notice to all parties in interest. If the movant has not received a notice of hearing within seven days after filing the motion, the movant may contact the judge's courtroom deputy clerk to obtain a hearing date within the time limit established by law."

Tex. 2006) (vacating an order extending the automatic stay where hearing was held after expiration of thirty-day period); *In re Berry*, 340 B.R. 636 (Bankr. M.D. Ala. 2006) (court lacks authority to extend stay under section 362(c)(3)(B) where motion was filed more than thirty days after petition).

The plain text of the Bankruptcy Code requires that a hearing on a motion for relief under section 362(c)(3)(B) must be held *before* the stay terminates. Because the stay in this case terminated with respect to the debtor by operation of law thirty days after the Petition Date, and because no motion was filed, or hearing held, within the thirty-day window, the Court concludes that it has no authority to extend or impose the stay under section 362(c)(3)(B).

   b.    **Section 362(c)(4) does not apply to one-time repeat filers and likewise does not authorize relief at this juncture**

The Motion seeks *to impose* the automatic stay which suggests that relief is sought pursuant to section 362(c)(4). Section 362(c)(4)(A)(i) provides:

> if a single or joint case is filed by or against a debtor who is an individual under this title *and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed*, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case.

11 U.S.C. § 362(c)(4)(A)(i) (emphasis added). Section 362(c)(4)(B) contemplates that the stay can be imposed in such cases by the filing of a motion within thirty days of the petition date:

9

if, *within 30 days after the filing of the later case*, a party in interest requests the court may order the stay to take effect in the case as to any or all creditors (subject to such conditions or limitations as the court may impose), after notice and a hearing, only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed;

11 U.S.C. § 362(c)(4)(B) (emphasis added).

To the extent that Debtors seek relief under section 362(c)(4)(B), this provision is inapplicable to the instant case for two distinct reasons. First, as the record before the Court reflects, Debtors have only one prior dismissed case within the one-year lookback period, making them "first-time" repeat filers, not serial filers subject to section 362(c)(4). Most courts have held that section 362(c)(4), by its plain terms, applies exclusively to debtors with two or more prior cases dismissed within the preceding year. *See In re Epting*, 652 B.R. at 137 (citing *In re Norman*, 346 B.R. 181, 183 (Bankr. N.D. W. Va. 2006)); *In re Whitaker*, 341 B.R. 336, 343 (Bankr. S.D. Ga. 2006); *In re Clark*, 2019 WL 2488146, at *4 (Bankr. N.D. Miss. May 9, 2019). This Court agrees.

Moreover, section 362(c)(4)(B) provides that the court may order the stay to take effect after notice and a hearing if a party in interest requests such relief "within 30 days after the filing of the later case." Therefore, even if this Court were to disregard the fact that Debtors are not serial filers, Debtors are still time barred from requesting an imposition of the stay under section 362(c)(4)(B).

Section 362(c)(4) does not provide a backdoor mechanism for one-time repeat filers to circumvent the thirty-day deadline imposed by section 362(c)(3)(B). Accordingly, section 362(c)(4) affords Debtors no relief.

**c.      Section 105(a) does not independently provide a basis for relief**

Acknowledging the problems associated with seeking relief under section 362(c)(3) and (4), Debtors argued at the hearing on the Motion that the Court could impose a stay utilizing its inherent equitable powers and/or section 105(a).

It is true that some courts have invoked section 105(a) to reimpose the automatic stay after finding that neither section 362(c)(3) nor section 362(c)(4) authorized relief. *See, e.g.*, *In re Whitaker*, 341 B.R. at 348. Such courts generally analyze requests for imposition of the stay under section 105(a) by considering the traditional standards utilized for requests for injunctive relief. *Id.*; *see also In re Radson*, 462 B.R. 911 (Bankr. S.D. Fla. 2011); *In re Williams*, 346 B.R. 361, 371 (Bankr. E.D. Pa. 2006). In this case, although Debtors sought relief under section 105(a) at the hearing on the Motion, they did not brief or argue the traditional standards for injunctive relief at any time.

In any event, bankruptcy courts' inherent equitable powers have been expressly curtailed by the Supreme Court in recent years. In *Law v. Siegel*, 571 U.S. 415, 421 (2014), the Supreme Court stated that in exercising its statutory and

11

inherent powers, "a court may not contravene specific statutory provisions." The

Court continued:

> It is hornbook law that § 105(a) "does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code." 2 COLLIER ON BANKRUPTCY ¶ 105.01[2], p. 105–6 (16th ed. 2013). Section 105(a) confers authority to "carry out" the provisions of the Code, but it is quite impossible to do that by taking action that the Code prohibits. That is simply an application of the axiom that a statute's general permission to take actions of a certain type must yield to a specific prohibition found elsewhere…. We have long held that "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of" the Bankruptcy Code.

*Id.*

Given the detailed procedures and requirements established by Congress in

section 362(c) for extending or imposing the automatic stay in cases involving repeat

filers, the Court is unwilling to exercise its equity powers to grant relief otherwise

foreclosed by the statute. Other courts have likewise declined to use section 105(a)

in this context. *See, e.g.*, *In re Scott*, 647 B.R. 539, 541 (Bankr. E.D. Mich. 2023)

("the Court does not have authority, under 11 U.S.C. § 362(c)(4)(B), or under 11

U.S.C. § 105(a), or otherwise, to impose the stay once the stay has terminated under

11 U.S.C. § 362(c)(3)(A)."); *In re Martinez*, 515 B.R. 383 (Bankr. S.D. Fla. 2014);

*In re Jumpp*, 344 B.R. 21 (Bankr. D. Mass. 2006), *order vacated on other grounds*,

356 B.R. 789 (B.A.P. 1st Cir. 2006); *In re Garrett*, 357 B.R. 128 (Bankr. C.D. Ill.

2006).

"While it is often tempting to override the mandate of a statutory requirement in circumstances where, like here, the Code does not seem logical or application of the Code section will yield a harsh result, § 105(a) is not a panacea to correct judge-perceived legislative mistakes." *Martinez*, 515 B.R. at 386. Here, Debtors simply did not act in time, and this Court will not invoke section 105(a) to ignore the clear statutory deadlines for obtaining the relief sought.

## V. Conclusion

In some ways, this is a regrettable outcome. The limited record before the Court does not suggest that Debtors are acting in bad faith. It appears to the Court that their prior case was dismissed due to reasons somewhat out of their control. In the present case, Debtors have filed a chapter 13 plan and appear to be making progress towards confirmation of that plan. They have concluded their section 341 meeting of creditors and, reportedly, have timely made their payments to the Chapter 13 Trustee. And it was acknowledged at the hearing that the failure to timely file the Motion was attributable to counsel. Finally, although the hearing was held on shortened notice, no party in interest opposed the relief sought.

Nevertheless, for the reasons stated, the Court denies the Motion. Under these circumstances, the Court holds that it lacks the authority to impose the

requested stay under sections 362(c)(3), 362(c)(4), or 105(a).[4]  The Court will enter

a separate order consistent with this Opinion.

**Signed on May 28, 2026**



/s/ **Paul R. Hage**

**Paul R. Hage**
**United States Bankruptcy Judge**

---

[4] As discussed at the hearing on the Motion, that may leave Debtors with a few options if they believe imposition of a stay is necessary.  First, they might just dismiss this case, file another, and move for imposition of the stay under section 362(c)(4)(B).  They could then submit evidence that the filing of such case "is in good faith as to the creditors to be stayed."  *See* 11 U.S.C. § 362(c)(4)(B).  Second, they could seek to confirm a chapter 13 plan that provides that their property does not vest back to them upon confirmation but, rather, remains property of the estate.  They could then argue that section 362(c)(3) does not impact the automatic stay with respect to property of the estate; it only impacts the stay "with respect to the debtor."  *See* 11 U.S.C. § 362(c)(3)(A).  Alternatively, nothing in this Opinion precludes the possibility of the Debtors seeking an injunction that is the equivalent of an automatic stay through a confirmed chapter 13 plan.  *See generally* 11 U.S.C. § 1322(b)(11); Fed. R. Bankr. P. 7001(g).

14